UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RRONA DEANNE ESSEX,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-02869 CKD<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born January 1, 1966, applied on April 4, 2013 for SSI, alleging disability beginning October 22, 2012. Administrative Transcript ("AT") 196. Plaintiff alleged she was unable to work due to a left shoulder and neck injury, high blood pressure, a heart murmur, and a lower back injury. AT 111, 216. In a decision dated May 1, 2015, the ALJ determined that

1

plaintiff was not disabled.[1]  AT 20-31.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since October 22, 2012, the Alleged Onset Date (AOD).
>
> 3. The claimant has the following severe impairments: Depressive Disorder, cervical Degenerative Disc Disease (DDD), left shoulder post rotator cuff, lower back pain, Degenerative Disc Disease (DDD), fibromyalgia, and left knee pain.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the Residual Functional Capacity (RFC) to perform light work. The claimant can sit six hours during an eight-hour workday. She can stand and walk six hours during an eight-hour workday. She can occasionally stoop and crouch. The claimant can occasionally push, pull, finger, feel, and handle with the left upper extremity. She is limited to simple work defined as Specific Vocational Preparation (SVP) levels 1 & 2 routine and repetitive tasks.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on January 1, 1966 and was 46 years old, which is defined as a younger individual age 18-49 on the alleged disability onset date.

8. The claimant has at least a high-school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and Residual Functional Capacity (RFC), there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 22, 2012, through the date of this decision.

AT 22-30.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ failed to address the treating orthopedic opinions of Dr. Wisner from October through December 2012, and also failed to address the results of a January 2014 functional capacity evaluation; (2) the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of psychologist Dr. Kalman; and (3) The ALJ improperly minimized the functional impact of plaintiff's left knee meniscal tear and bilateral carpal tunnel syndrome on her RFC and improperly relied on outdated medical evidence.

////

////

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. ALJ's Failure to Address Evidence

Plaintiff contends that the ALJ failed to address multiple opinions by plaintiff's treating orthopedist, Dr. Wisner, who indicated between October 2012 and December 2012 that plaintiff was unable to work.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Lester, 81 F.3d at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

Dr. Gary Wisner, an orthopedist, began treating plaintiff and filling out forms for her worker's compensation carrier in 2009. His progress notes document ongoing tests, examinations, medications, and follow-up. They report plaintiff's complaints of neck pain, stiffness, limited range of motion, and elbow pain radiating from the neck. AT 501-620. Prior to plaintiff's disability onset date of October 22, 2012, Dr. Wisner filled out numerous forms for the worker's compensation carrier, checking the box indicating that plaintiff could return to work. See AT 520, 523, 526, 529, 533, 537, 540, 543, 546, 549, 552, 556, 559, 563, 567.

On October 23, 2012, however, Dr. Wisner indicated for the first time that plaintiff could not return to work. AT 514. His progress notes from that day indicate: "Patient presents sooner than scheduled due to severe pain in neck. Patient states that her neck is causing migraines and

has constant pain and spasms. Left shoulder is about the same. Left elbow continues to bother her and she wants surgery. Left elbow interferes with sleep / bad enough for surgery." AT 513. Similarly, Dr. Wisner indicated on November 13, 2012 that plaintiff should not return to work for an unknown period of time, noting neck pain and spasms, headaches, weakness in her arms, blurry vision, and increased elbow and shoulder pain. AT 511. He indicated that she should remain off work indefinitely on November 19, December 6, and December 12, 2012. AT 502-508. Dr. Wisner's December 12, 2012 notes indicate that plaintiff presented with severe neck pain, stiffness, a 50% range of motion, spasms, and constant pain in her shoulder and elbow due to radiating pain from her neck. AT 501. The treatment plan recommended an MRI, home traction unit, and surgery on her left elbow. AT 501. Dr. Wisner did not treat plaintiff after December 2012 and never indicated she could return to work.

The ALJ's decision stated: "Progress notes from Gary Wisner, M.D. from the alleged onset date through December 2012, note complaints of neck pain, stiffness, and limited range of motion. She also reports of constant elbow pain radiating from the neck [Exhibit 6F]." AT 25; see AT 500-620. The ALJ also stated: "Progress notes from Dr. Wiser [sic] from January 27, 2012 through December 27, 2012 note complaints of neck pain and stiffness and left shoulder and elbow pain [Exhibit 7F]." AT 25; see AT 621-685.

In determining plaintiff's physical RFC, the ALJ gave substantial weight to the opinions of three State Agency physicians "as they are supported by the objective evidence of 'mild' and some moderate findings." AT 29; see AT 28. "<u>The undersigned notes that there is no opinion from a treating source giving greater limitations</u>," the ALJ wrote. AT 29 (emphasis added). The ALJ did not acknowledge Dr. Wisner's opinion that plaintiff was unable to work due to her worsened physical impairments between October and December 2012, nor give any reason for rejecting that opinion.

Defendant argues that the opinions at issue "cover only a three-month period, and they do not reflect an opinion as to total disability nor that Plaintiff was permanently disabled for the required twelve continuous months as required" under the Social Security Act. (ECF No. 19 at 8.) While this may be a reason to discount Dr. Wisner's opinions, the ALJ did not offer it; nor

6

did the ALJ seem aware that plaintiff's long-term treating doctor believed she was unable to work as of her alleged disability onset date. The ALJ is not bound by physician opinions on ultimate issues, see 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability.... A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); but see Montijo v. Secretary of Health and Human Resources, 729 F.2d 599, 601 (9th Cir.1984) (ALJ not bound by uncontroverted opinion of physician on ultimate issue but cannot reject it without presenting clear and convincing reasons for doing so).

As to defendant's argument that Dr. Wisner's work-related opinions constitute check-box forms entitled to little weight, the forms were accompanied by detailed progress reports and written in the context of a long-term treating relationship. Dr. Wisner's progress notes from October through December 2012 indicate that plaintiff was experiencing "severe" and "constant" pain, stiffness, and a limited range of motion, among other symptoms. The court declines to find the ALJ's error harmless simply because the overlooked reports did not cover a twelve-month period.

Plaintiff also contends that the ALJ erred by ignoring a physical/functional evaluation performed on January 7, 2014 at the Sacramento Pain Clinic as part of a multi-disciplinary evaluation. AT 1554-1557. The report, which provided "the Physical Therapy component of the multidisciplinary evaluation," was signed by Rick Wurster, a physical therapist. AT 1554, 1557. It indicated that plaintiff had severe impairment of function and severe lack of effective control strategies due to constant pain and flare-ups. AT 1554. It also assessed multiple current functional deficits, including findings that plaintiff could rarely perform lifting from the ground, could only stand or walk for five minutes continuously, could only sit for 15 minutes continuously, and could seldom stoop, kneel, or reach. AT 1555. The report assessed severe impairments in daily activities such as cooking, cleaning, bathing, and dressing, and found plaintiff to have daily headaches and multiple physical deficits. AT 1555-1556. The report's summary noted that plaintiff had functional deficits precluding work. AT 1557.

////

Though the decision summarized other, mainly psychiatric records from the Sacramento Pain Clinic, the ALJ did not mention Mr. Wurster's January 2014 functional evaluation. AT 26. The ALJ discussed the opinions of State Agency physicians (AT 28-29) and other evidence, concluding: "The medical records do not demonstrate her claims of extremely limited functional capacity." AT 27.

"[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919.

Here, the ALJ erred by failing to provide germane reasons to disregard Mr. Wurster's January 2014 functional evaluation. Defendant argues that any such error is harmless, as the ALJ set forth a review of the objective medical evidence in the record and the opinion of Mr. Wurster, a lay witness, was inconsistent with that record. However, as discussed above, the ALJ also failed to address a treating physician's opinion that plaintiff was unable to work for months after her alleged onset date. In light of the incomplete discussion of record evidence bearing on plaintiff's ability to work, the court cannot conclude with certainty that the ALJ's error in disregarding the January 2014 functional evaluation was harmless.

Based on the foregoing, the undersigned concludes that plaintiff is entitled to summary judgment. The court does not reach the remaining issues.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

8

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

      Here, the record as a whole creates serious doubt as to whether the claimant was, in fact, disabled during the relevant period. Thus the case is remanded to allow the ALJ an opportunity to re-examine the record, including evidence submitted by the Appeals Council.

CONCLUSION

      For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 19) is denied; and

3. The matter is remanded for further proceedings consistent with this order.

Dated: August 28, 2018

                                                              CAROLYN K. DELANEY
                                                               UNITED STATES MAGISTRATE JUDGE

2/essex2869.ssi.ckd